UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN M. N., | No. 1:26-cv-03730-RLP |
| Petitioner, | ORDER GRANTING HABEAS PETITION |
| v. | |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Before the Court is Petitioner Agustin M. N.'s [1] ("Petitioner") petition for

writ of habeas corpus, motion for temporary restraining order, and motion to

_____

[1] The Court uses Petitioner's first name and last initial to protect sensitive

personal information.

ORDER GRANTING HABEAS PETITION ~ 1

appoint counsel. ECF Nos. 1, 2, 3. As set forth below, Petitioner's petition for habeas corpus is granted.

BACKGROUND

Petitioner is a 40-year-old citizen of Mexico who entered the United States at the border in Laredo, Texas in 2001 at age 16. ECF No. 1 at 20. He has lived in Garland, Texas, for almost 25 years. *Id.* Petitioner indicates his family includes his three children who are U.S. citizens aged 16, 14, and 11 years and who are all doing well in school. *Id.* He states his parents are permanent U.S. residents living in Garland, Texas, where his children, the mother of his children, brothers, sister, and nephews all reside. *Id.* He states he has no family in Mexico. *Id.* At age 18 he obtained a work permit which he renewed for 18 years. *Id.* at 21. Petitioner told police upon his arrest that he works in construction. ECF No. 9 at 9.

According to the Petition, on January 15, 2025,[2] Petitioner was arrested at the Dallas County adult probation office by local police in Garland, Texas, based

[2] It is unclear whether this is the correct date. Based on the timeline asserted in the Petition, it appears more likely that Petitioner was arrested on January 15, 2026. *See* ECF No. 1 at 5-6. Regardless, the Petition appears consistent with law enforcement records suggesting that he was taken into ICE custody on or around February 12, 2026. ECF Nos. 1 at 5, 9-1 at 4.

ORDER GRANTING HABEAS PETITION ~ 2

on a DWI charge from 2022. ECF No. 1 at 5. He was transferred to Dallas County where bail was set at $1,000. *Id.* Petitioner states he was unable to pay bail because he was in "ICE hold." *Id.* He was then transferred to Denton County which was the county where he was charged with DWI. *Id.* He was detained for 19 days before he had a court hearing in Denton County and his case was closed. *Id.*

According to Petitioner, he was transferred to ICE custody on February 12, 2026, and was moved to Dallas, Texas for two days, then was transferred to Alvarado, Texas, then to El Paso, Texas, then to Golden State Annex in McFarland, California on April 24, 2026, where he remains. *Id.*

Respondents filed a printout of Petitioner's criminal history which includes the 2022 driving while intoxicated conviction which was a misdemeanor. ECF No. 9-2 at 5-6. A charge of failing to identify or giving false/fictitious information resulting from the same incident was dismissed. *Id.* at 7. Documents filed by Respondents indicate Petitioner was arrested on January 20, 2026, on an active warrant from Roanoke, Texas, for driving while intoxicated. ECF No. 9-1 at 2, 9. He appears to have no prior immigration history. ECF No. 9 at 1 n.1, 7.

Petitioner has been detained without hearing since February12, 2026. On May 15, 2026, Petitioner filed an application for a temporary restraining order and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 1, 3.

ORDER GRANTING HABEAS PETITION ~ 3

LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

ANALYSIS

Petitioner contends his prolonged detention without a hearing violates the Due Process clause of the Fifth Amendment. ECF No. 1 at 2. He requests a determination that his detention is not justified and that he be released, or a bond hearing. *Id.* On May 21, 2026, Respondents filed a response contending that Petitioner's detention is mandatory pre-order detention because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2). ECF No. 9. Respondents claim due process is provided under the statute for arriving aliens. *Id.* at 2.

ORDER GRANTING HABEAS PETITION ~ 4

FIFTH AMENDMENT DUE PROCESS CLAUSE

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id*. at 693-94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

a.    *Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due

ORDER GRANTING HABEAS PETITION ~ 5

Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana,* 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has only a misdemeanor criminal history and there otherwise appears to be no lawful basis for his continued detention. The Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

b.   *Process Required*

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

ORDER GRANTING HABEAS PETITION ~ 6

As to the first factor, Petitioner has a substantial private interest in his own liberty. He has been detained for three months and has been moved across the country, away from his children, family, and employment. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received a bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent has failed to dispute. *Hernandez*, 872 F.3d 976. Respondent has not alleged that Petitioner is a danger to the public or a flight risk; in fact, his reported criminal history is based on a 2022 misdemeanor. Petitioner's statements that he has lived in the United States for nearly 25 years and has had work permits since the age of 18 are undisputed. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

ORDER GRANTING HABEAS PETITION ~ 7

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Because the *Matthews* factors weigh in favor of Petitioner, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. Having received neither, Petitioner's continued detention violates the Fifth Amendment Due Process Clause. Accordingly, the Court orders a bond hearing as set forth below.

## IMMIGRATION & NATIONALITY ACT

Having found due process requires a bond hearing, the Court need not analyze the application of the INA in this case. However, this Court joins countless other courts in concluding Respondent's argument that 1225(b) mandates Petitioner's continued detention without a bond hearing "(1) disregards the plain

ORDER GRANTING HABEAS PETITION ~ 8

meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

**Accordingly, IT IS ORDERED:**

1.      The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**

2.      The motion to appoint counsel and for temporary restraining order, **ECF No. 2 and ECF No. 3**, are **DENIED as moot.**

3.      **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondent fails to provide a timely bond hearing in accordance

ORDER GRANTING HABEAS PETITION ~ 9

with this order, Respondent is ordered to immediately release Petitioner.

4.       **Within 3 days** from the date of the bond hearing, Respondents are directed to file a notice in this court certifying compliance with this order.

**IT IS SO ORDERED.** Judgment shall be entered in favor of Petitioner and a copy of this order shall be transmitted to Petitioner by mail.

DATED June 1, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION ~ 10